**Larry E. DeCLUE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 27866.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 10, 2007.

---

Scott Thompson, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Larry E. DeClue ("Movant"), who was convicted of murder in the first degree, appeals the denial of his Rule 29.15 [1] motion in which he claimed his trial counsel was ineffective in failing to locate and call a witness to refute an accusation that Movant had confessed to the murder. We find no error and affirm the denial.

Movant was convicted in the murder of Diane Coleman, a mentally ill resident of a group home. The circumstances surrounding the murder portray a senseless and cruel crime against an innocent and helpless victim and are set forth in several of this Court's prior opinions. *See State v. Busse*, 169 S.W.3d 900 (Mo.App. S.D.2005), *State v. DeClue*, 128 S.W.3d 864 (Mo.App. S.D.2004), and *State v. Payne*, 126 S.W.3d 431 (Mo.App. S.D.2004). Movant was convicted on the testimony of Kenneth Busse, Jr., who was present at the murder, and four other witnesses, who claimed to have heard Movant confess to the murder. Although Movant challenges the credibility of each of the four witnesses to his confession, in this motion he only challenges the failure of his counsel to produce one particular witness, David "J.R." Gilliam, Jr., to testify and rebut one of the four people's testimonies. Additionally, Movant now claims that Gilliam would testify that Movant never said anything to him about participating in the death of the victim. He claims that Gilliam has subsequently

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

died.[2]

The trial court found that the sole issue was the failure of trial counsel to call Gilliam, who allegedly would have impeached one of the State's witnesses regarding comments the witness overheard being made by Movant regarding Movant's complicity in the murder of Diane Coleman. The court found that Movant failed to present persuasive evidence to support his claims that Gilliam could have been located through reasonable investigation, the witness would have testified if called, and that the testimony would have provided a viable defense. *See White v. State,* 939 S.W.2d 887, 899 (Mo. banc 1997) (explaining that to prove ineffective assistance of counsel, the movant must prove (1) the witness could have been located through reasonable investigation, (2) what the witness would have testified to if called, and (3) the testimony would have provided a viable defense).

The court noted:

> Testimony by trial counsel Mr. Mills and Mr. Garrabrandt indicated that they took all reasonable steps to try to locate Gill[i]am, even going to the extent of hiring an investigator to search for the potential witness. Evidence also indicated that there was an active warrant outstanding for Gill[i]am, and the State was also, as a result, searching for him. Trial counsel obtained at least one continuance to gain additional time to look for Gill[i]am, and filed another motion for continuance before trial for the same purpose, which was denied.

There was no showing of any sort that Gill[i]am would have testified if called at trial, since [M]ovant did not produce the witness for the post[-]conviction relief hearing. Also, since he did not testify at the post[-]conviction relief hearing, the issue of whether his testimony would have produced a viable defense can only be speculation. Movant alleges in his amended motion that Gill[i]am is now deceased, but there was no evidence presented on that point.

▮ We are not left with a definite and firm impression that the trial court erred in its findings of fact and conclusions of law.

We review the motion court's ruling on a motion for post-conviction relief to determine whether the court's findings of fact and conclusions of law are clearly erroneous. The findings of the motion court are presumptively valid; the clearly erroneous standard is satisfied only, if after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Oliver v. State,* 196 S.W.3d 643, 647 (Mo. App. S.D.2006) (internal citations omitted).

Movant makes much of the shaky pasts of each of the witnesses against him. The jury was also aware of the criminal pasts of each of the witnesses who testified against Movant and any conflicting testimony and yet convicted Movant. Even assuming Gilliam could have been located through investigation and the content of Gilliam's testimony,[3] the best that Movant can claim is testimony which amounted to an impeachment of one witness. Gilliam

---

2. The State notes that in April 2005, Movant claimed Gilliam was deceased but a review of CaseNet showed a charge of domestic assault in St. Charles County against him on September 15, 2006. Whether Gilliam is deceased or not does not affect our resolution of this matter.

3. We do not accept these assumptions as true except to show the lack of merit of Movant's claim of ineffective assistance of counsel for the failure to locate and call a witness.

would supposedly testify that one of the "confessions," the one to Gilliam, never took place. Three other witnesses testified to confessions that occurred on other occasions. Movant utterly fails to prove that Gilliam's testimony would have produced a viable defense for Movant. If the jury had totally disregarded the testimony of that one witness, four other witnesses, including an eyewitness to the crime, testified to the intensive involvement of Movant in the murder of Diane Coleman. One of the other witnesses against Movant included Movant's half-brother. All of these witnesses supplied details about the crime either observed by the witness or confessed by Movant. Movant's claim of ineffective assistance of counsel for failing to locate a witness is without merit.

The judgment is affirmed.

PARRISH and SCOTT, JJ., concur.